## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION

### NO. 2:10-CV-00012-BO

| | | |
|---|---|---|
| DOUGLAS S. MCGLOHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| CAMPBELL UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff Douglas S. McGlohon's *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) and for frivolity review. Plaintiff is essentially unemployed, but receives $689.00 per month in disability and an unspecified amount in food stamps and from performing "odd jobs." While Plaintiff's monthly expenses appear to be somewhat overstated (e.g., monthly laundry and dry-cleaning expenses of $200.00), based on his minimal income and legitimate expenses, he has demonstrated appropriate evidence of inability to pay the required court costs, and his application is allowed.

Notwithstanding the Court's determination that Plaintiff is entitled to *in forma pauperis* status, further inquiry must be made before the action can proceed. A court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *see Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) ("Under 28 U.S.C.A. § 1915(e), which governs IFP filings . . ., a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state

a claim."). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Notwithstanding, the Court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). But absent such wholly fantastic claims, the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff." *Id.* at 32.

After careful review of the complaint, and giving due consideration to Plaintiff's *pro se* status, the Court concludes that Plaintiff's complaint is patently frivolous. Plaintiff alleges that he was denied admission to Campbell Law School for discriminatory reasons in violation of Title VII of the Civil Rights Act of 1964 and various state laws. One need only read Plaintiff's complaint in this case, with its numerous spelling and grammatical errors, to find a non-discriminatory basis for the denial of Plaintiff's multiple applications to Campbell. *See, e.g.*, Pl.'s Compl. at 2-3 (Plaintiff claims that for several years he has attempted to "inter" [sic] Campbell Law School, but that he was not "granted to inter there [sic] Law program[.]" Plaintiff claims that the reason for his denial was because "he is an disable [sic] person and a Afro-American person which goes contrary to Title VII[.]" Plaintiff seeks "in access [sic] of" $20 million dollars in damages.)

Furthermore, Plaintiff alleges no factual support for his claim that he was denied admission for discriminatory reasons. To proceed, a plaintiff may not simply present conclusions, but must allege some minimum level of factual support for the claims raised in order to avoid dismissal. *See White*, 886 F.2d at 724. Additionally, statements in Plaintiff's

2

complaint are contradicted by the supporting documentation filed with the complaint. Plaintiff claims that, at a July 1, 2008 hearing in the Hertford County Superior Court case of *McGlohon v. Campbell University*, No. 08-CvS-224, Judge Duke stated that "Plaintiff had won his case, but there was a Federal question which he could not rule on." *Id.* at 2. From the transcript of the motion hearing, submitted by Plaintiff with his complaint, it appears that Judge Duke dismissed the case on Campbell's motion and that Plaintiff stated his intention to file a notice of appeal. While unclear from the limited information before the Court, it appears that Plaintiff may be attempting to relitigate issues already decided by the state court.

Finally, Plaintiff also appears to be a serial litigator. Plaintiff has had three previous actions dismissed in this district. *See McGlohon v. Rumsfeld*, No. 2:03-CV-34-BO (E.D.N.C. Dec. 11, 2003) (claim for wrongful discharge from the United States Army was dismissed for lack of subject matter jurisdiction and was time barred); *McGlohon v. City of Dallas*, No. 2:06-MC-4-D (E.D.N.C. Sept. 6, 2006) (application to proceed *in forma pauperis* was denied and the case converted to a miscellaneous case for failure to pay the filing fee); *McGlohon v. Perdue Farms Inc.*, No. 2:08-CV-16-D (Jan. 19, 2010) (case dismissed upon notice to district court that the presiding state court judge had dismissed the case prior to its removal to federal court). The complaint in the *Perdue Farms* case, which alleged that Plaintiff was denied employment because of his disability and race, is strikingly similar to the complaint in the present case. The *Purdue Farms* case was dismissed as "completely frivolous" by the state court judge. *See McGlohon v. Perdue Farms Inc.*, No. 2:08-CV-16-D, Ex. 1 to DE-6 (E.D.N.C. June 19, 2008).

## CONCLUSION

The Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, but **RECOMMENDS** that the complaint be **DISMISSED** as frivolous.

3

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 1⊂ day of April, 2010.

DAVID W. DANIEL
United States Magistrate Judge

4